**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**
**CENTRAL DIVISION**

| | |
|---|---|
| WILLIAM E. GALLEGOS,<br><br>      Plaintiff,<br><br>v.<br><br>DALE WHITNEY et al.,<br><br>      Defendants. | **MEMORANDUM OPINION AND ORDER**<br><br>Case No. 2:06-CV-549 DB<br><br>District Judge Dee Benson |

Plaintiff, William E. Gallegos, an inmate at the Utah State Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983. *See* 42 U.S.C.A. § 1983 (West 2010). Plaintiff was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915, *see* 28 U.S.C.A. § 1915 (West 2010), and pro bono counsel was appointed to represent him. On July 27, 2010, the court heard oral argument on Defendants' motions for summary judgment. Having fully considered the parties' arguments, memoranda, and the relevant law, the court enters the following Memorandum Opinion and Order.

**ANALYSIS**

**I. Background**

Plaintiff brought this suit against numerous officials at the Utah State Prison alleging civil rights violations stemming from Plaintiff's medical treatment while incarcerated. Plaintiff

is a diabetic inmate who requires regular insulin injections to manage his condition. Plaintiff also suffers from hip problems and has had both of his hip joints replaced. In 2005, when Plaintiff's claims arose, Plaintiff's right hip prosthesis was failing and he was awaiting surgery to replace the failed joint. Plaintiff alleges that during this time Defendants failed to accommodate his medical needs which exacerbated his condition and caused him severe pain and suffering. More specifically, Plaintiff alleges that Defendants failed to provide him adequate access to insulin, denied him necessary medical equipment, and housed him under inhumane conditions. Plaintiff also asserts that prison officials violated his right to access the courts by suspending his grievance privileges.

Although Plaintiff's pro se Complaint originally included numerous claims against a host of prison officials, with the assistance of his appointed counsel Plaintiff's claims were narrowed down to only five claims against three categories of defendants.[1] The first category, referred to as the "Medical Defendants," consists of the those primarily responsible for Plaintiff's medical care, including P.A. Chris Abbott and Dr.

---

[1] In his response briefs to Medical Defendants' and Security Defendants' summary judgment motions Plaintiff concedes that summary judgment is appropriate on all claims except those discussed herein.

Kennon Tubbs.  The second category, labeled the "Security Defendants," includes correctional officials responsible for Plaintiff's housing assignment, property clearances and security. The final category includes only Craig Balls, who was the prison grievance administrator responsible for suspending Plaintiff's grievance privileges.

Each of these categories of Defendants filed separate motions for summary judgment.  Following oral argument the court found Plaintiff's legal access claim to be entirely without merit and granted from the bench Craig Balls' Motion for Summary Judgment.  (Doc. no. 122.)  The two remaining summary judgment motions were taken under advisement and will now be addressed in turn.  Under Rule 56(c)(2) summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2).

**II. Medical Defendants' Motion for Summary Judgment**

Plaintiff's allegations against the Medical Defendants were distilled into the following two claims.  First, an Eighth Amendment claim against P.A. Abbott alleging that Abbott subjected Plaintiff to cruel and unusual punishment by revoking Plaintiff's wheelchair clearance for distances under 100 yards,

3

making it difficult for Plaintiff to receive his insulin injections for a period of approximately thirteen days. Second, a claim of cruel and unusual punishment against Dr. Tubbs based on Tubbs' alleged failure to provide Plaintiff a handicapped accessible, or "ADA compliant," cell while housed in maximum security for a period of eighteen days.

### A. Legal Standard

To support an Eighth Amendment claim for denial of medical care an inmate must establish two elements: (1) that he had a serious medical need; and, (2) that the defendants were deliberately indifferent to that need. *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S. Ct. 285 (1976). "Deliberate indifference involves both an objective and a subjective component." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). The objective component is met if the deprivation is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970 (1994). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999).

The subjective component is met only if a prison official "knows of and disregards an excessive risk to inmate health or

4

safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Allegations of mere negligence in diagnosing or treating a medical condition, *Estelle*, 429 U.S. at 105, or "inadvertent failure to provide adequate medical care," *Riddle v. Mondragon*, 83 F.3d 1197, 1203 (10th Cir. 1996), are insufficient to state a claim under the Eighth Amendment.

"Delay in [providing] medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm." *Sealock*, 218 F.3d at 1210. The Tenth Circuit has held that the "substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Garrett v. Stratman*, 254 F.3d 949, 950 (10th Cir. 2001).

### B. Defendant Abbott

Turning first to Plaintiff's claim against Defendant Abbott, the court concludes that Plaintiff has not presented sufficient evidence to show that Abbott was deliberately indifferent to Plaintiff's needs. While Plaintiff's insulin dependence undoubtedly qualifies as a serious medical need, there is insufficient evidence to support a finding that Abbott's decision to limit Plaintiff's wheelchair use to distances over 100 yards

5

showed deliberate indifference.  Instead, the evidence shows that Abbott's modification of Plaintiff's wheelchair clearance was intended to help Plaintiff build up strength in preparation for Plaintiff's upcoming hip surgery and that Abbot reasonably believed Plaintiff was capable of walking the short distance to receive his insulin injections without extreme pain.  Moreover, the record shows that although Plaintiff repeatedly missed insulin injections due to difficulty reaching the infirmary without a wheelchair, Abbott and other medical staff were closely monitoring Plaintiff's condition during the relevant time-period and moved Plaintiff back to the infirmary before Plaintiff's health was seriously threatened.  Thus, the court concludes that Defendant Abbott is entitled to summary judgment.

**C. Defendant Tubbs**

The court now turns to Plaintiff's claim against Dr. Tubbs. The evidence in this case provides scant support for Plaintiff's claim that he required an ADA-compliant cell in order to satisfy his basic needs while in maximum security.  Although Plaintiff alleges that the ill-equipped cell routinely forced him to crawl to the toilet and sink, causing severe pain and worsening of his condition, Plaintiff has not presented any evidence to support this allegation besides his own self-serving declaration.  More importantly, Plaintiff has not presented any evidence showing

6

that Tubbs, or any other prison official, was subjectively aware Plaintiff was unable to move about his cell.  On the contrary, Defendants have provided statements by several witnesses who observed Plaintiff moving about his cell without serious difficulty.

Although the evidence does support the conclusion that Plaintiff's deteriorating hip joint worsened--dislocated and rotated--while he was housed in the non-ADA cell, there is insufficient evidence to show that the housing conditions contributed significantly to the deterioration.  Nor is there any evidence that Tubbs, or any other official, was aware Plaintiff's cell conditions were causing him harm.  Finally, the record shows that once Tubbs realized Plaintiff's hip had dislocated Tubbs provided the necessary treatment and promptly moved Plaintiff to the prison's only ADA-compliant maximum security cell.  Far from showing deliberate indifference, these actions show that Tubbs was responsive to Plaintiff's complaints and took appropriate action to address his needs.  Thus, the court concludes that Defendant Tubbs is entitled to summary judgment.

**III. Security Defendants' Motion for Summary Judgment**

Plaintiff's allegations against the security defendants were also narrowed to two claims.  The first claim, which is similar to the insulin denial claim brought against Defendant Abbott,

7

asserts that Security Defendants should have allowed Plaintiff to use a wheelchair to get to his insulin injections despite the lack of a medical clearance.  Having concluded that Abbott's modification of the wheelchair clearance did not amount to deliberate indifference, the court finds that Plaintiff's nearly identical claim against the Security Defendants must also fail.  The record shows that Security Defendants had ample reason to believe Plaintiff's condition was being closely monitored by medical personnel and that the change to Plaintiff's wheelchair clearance was not merely an oversight but was medically justified.  Plaintiff has not presented any evidence that Security Defendants had additional information regarding Plaintiff's condition or need for ambulation assistance which they failed to communicate to medical personnel.  Thus, in addition to their valid security concerns, Security Defendants were justified in deferring to the advice of medical personnel regarding Plaintiff's use of medical equipment.  Security Defendants are, therefore, entitled to summary judgment on Plaintiff's wheelchair claim.

Plaintiff's second claim against Security Defendants asserts that they showed deliberate indifference to Plaintiff's medical needs by confiscating his orthotic shoes when he was moved to maximum security.  Defendants have established that Plaintiff's

8

orthotic shoes were confiscated because they had laces which are not permitted in maximum security.  Moreover, the record shows that Security Defendants tried to accommodate Plaintiff's need for special footwear by ordering him orthotic shoes with velcro fasteners instead of laces.  Although Plaintiff asserts that these replacement shoes were not as effective as the lace-up shoes, he does not dispute that Defendants tried to accommodate him to the extent possible given their valid safety concerns. These accommodations clearly show that Security Defendants were not deliberately indifferent to Plaintiff's medical need for special footwear.  Thus, Security Defendants are entitled to summary judgment on Plaintiff's footwear claim.

**IV. Qualified Immunity**

Because Plaintiff has not shown that Defendants actions violated the Eighth Amendment, the court is not compelled to address whether, at the time of the incident, the rights at issue here were clearly established for qualified immunity purposes. The court notes, however, that Plaintiff has not presented any case-law finding a denial of medical accommodations under circumstances similar to those presented here to be cruel and unusual punishment.  Thus, even if the court were to find an Eighth Amendment violation here, Defendants would likely still be entitled to qualified immunity.

**ORDER**

Based on the forgoing analysis, **IT IS HEREBY ORDERED** that:

(1) Medical Defendants' Motion for Summary Judgment (Doc. no. 86) is **GRANTED**;

(2) Security Defendants' Motion for Summary Judgment (Doc. no. 92) is **GRANTED**; and,

(2) this case is **CLOSED**.

DATED this 18th day of August, 2010.

BY THE COURT:

_____
DEE BENSON
United States District Judge